UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MALIBU MEDIA, LLC,**<br><br>           **Plaintiff,**<br><br>      v.<br><br>**JOHN DOE 24.0.91.59,**<br><br>           **Defendant.** | Civ. No. 16-1739<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Malibu Media brought this action against Defendant John Doe for fourteen counts of infringement under the Copyright Act. The matter comes before the Court on Defendant's motion to dismiss the Complaint, quash the subpoena issued to Defendant's internet service provider, and for a protective order under Rule 26(c). *See* Federal Rule of Civil Procedure ("FRCP") Rule 26(c). For the following reasons, Defendant's motion is **DENIED**.

    **I.**      **BACKGROUND**

      Plaintiff Malibu Media, LLC ("Plaintiff" or "Malibu") is a producer and distributor of pornographic films, located in Los Angeles, California. Defendant is identifiable only as the Internet subscriber at IP address "24.0.91.59." Filed March 30, 2016, the Complaint alleges that Defendant used BitTorrent, a popular peer-to-peer file-sharing network, to download and upload fourteen of Plaintiff's copyrighted films ("Works"). As proof, Plaintiff alleges that its investigator downloaded complete copies of all fourteen copyrighted films from Defendant's IP address, using BitTorrent. Compl. ¶ 20. Because BitTorrent allows users to transfer files in relative anonymity, Plaintiff can trace the infringing activity to Defendant's IP address but cannot identify Defendant personally.

      On May 13, 2016, Plaintiff moved for leave to serve a third-party subpoena prior to a Rule 26(f) conference on Defendant's internet service provider, Comcast. Plaintiff argued that it could not proceed with litigation without knowing Defendant's name and

address. ECF No. 4. *See* Fed. R. Civ. P. 26(f). Judge Falk granted Plaintiff's request on July 8, 2016. ECF No. 6.

On September 8, 2016, Defendant moved to dismiss the Complaint. The motion also requests that the Court quash Plaintiff's Rule 45 subpoena, and issue a protective order allowing Defendant to litigate the matter anonymously. ECF No. 8. Plaintiff filed an opposition to Defendant's motion to dismiss and to quash the subpoena, but did not oppose Defendant's request to litigate under a pseudonym. *See* ECF No. 11, at n. 1, p. 2.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, the Court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

Federal Rule of Civil Procedure 45(c)(3) states that district courts must quash or modify a subpoena that "subjects a person to undue burden." FRCP 45(c)(3)(A)(iv). The party moving to quash bears the burden of demonstrating that an "undue burden" would otherwise result. *See, e.g.*, *Malibu Media, LLC v. John Does 1-18*, 2014 WL 229295, at *6 (D.N.J. Jan. 21, 2014) (citations omitted). Separately, Federal rule of Civil Procedure 26(c) authorizes district courts to issue protective orders "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26(c)(1).

## III. DISCUSSION

Defendant's motion contains three parts. First, Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim. Second, Defendant moves to quash the third-party subpoena of Defendant's internet service provider, Comcast. Third, Defendant requests a protective order allowing it to litigate this action anonymously. The motion is **DENIED** in its entirety.

### A. Motion to Dismiss for Failure to State a Claim

The Copyright Act vests the copyright holder with exclusive rights to, *inter alia*, reproduce, display, or distribute the copyrighted work. 17 U.S.C. § 106(1)-(2), (5). "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'n, Inc. v. Rural Tel. Serv.*, 499 U.S. 340, 361-62 (1991) citing *Harper & Row*, 471 U.S. 539, 548 (1985).

Defendant does not dispute Plaintiff's ownership of the fourteen copyrights listed in Exhibit B of the Complaint. ECF No. 1. Nor does Defendant dispute that infringement took place, or that the infringer was using Defendant's IP address. Instead, Defendant principally attacks the "the assumption that the person who pays for the internet service at a given location is the same individual that allegedly downloaded, copied, and distributed a specific 'Work'." *See* Memorandum in Support of Defendant's Motion to Dismiss and to Quash Subpoena ("Def. Memo"), at 3.

Defendant fails to recognize that Plaintiff's burden at this stage is one of plausibility, not certainty. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). It is plausible that files downloaded using a particular IP address were downloaded by the subscriber of that address. *See Fonovisa, Inc. v. Does 1-9*, 2008 WL 919701, at *3 (D.N.J. Apr. 3, 2008); *Patrick Collins, Inc. v. Osburn*, 2014 WL 1682010, at *4 (D. Md. Apr. 28, 2014) ("[I]t takes no great imagination to see how evidence that a file was downloaded by a certain IP address could support a plausible claim that the file was downloaded by the subscriber at that IP address."). The possibility that a family member, guest, or neighbor may have downloaded the Works does not render Plaintiff's claims implausible. Nor does Defendant's unsupported claim that he was away on vacation when one of the fourteen files was downloaded. Defendant's motion to dismiss the Complaint for failure to state a claim is **DENIED**.

### B. Motion to Quash Plaintiff's Rule 45 Subpoena

Defendant must demonstrate an "undue burden" in order to quash or modify a subpoena under Rule 45(c)(3)(iv). "In order to establish an undue burden, Defendant must show a 'clearly defined and serious injury.'" *Malibu Media, LLC v. John Does 1-18*, 2014 WL 229295, at *8 (D.N.J. Jan. 21, 2014). Here, Defendant argues that becoming publically associated with pornography will cause "embarrassment and damage to Defendant's reputation." Def. Memo at 5.

Courts in this district have held that broad claims of embarrassment and reputational damage do not amount to an "undue burden" sufficient to quash or modify a subpoena. *See Plastic the Movie Ltd. v. John Doe Subscriber Assigned IP Address 24.0.105.163*, 2015 WL 4715528, at *2 (D.N.J. Aug. 7, 2015); *Malibu Media, LLC v. John Does 1-18*, 2014 WL 229295, at *8 ("While the Court acknowledges that 'there is some social stigma attached to consuming pornography ... it is [nonetheless] the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove.'") (citations omitted). Further, "[i]f 'any defendant could quash a subpoena based on the mere possibility that someone else has used the defendant subscriber's IP address to perpetuate the alleged infringement' then a plaintiff would be unable to enforce its rights." *Malibu Media, LLC*, 2014 WL 229295 at *9. Defendant's motion to quash is **DENIED**.

### C. Motion for Protective Order pursuant to Rule 26(c)

Defendant asks the Court to grant a protective order that would seal documents containing "identifying information." In other words, Defendant wishes to litigate this matter anonymously. Although Plaintiff does not object, *see* ECF No. 11, at n. 1, p. 2, the integrity of the judicial process requires that, absent exceptional circumstances, proceedings be carried out publically. *See Malibu Media, LLC v. John Does No. 1-30*, 2012 WL 6203697, at *6 (D.N.J. Dec. 12, 2012) ("That a party 'may suffer embarrassment or economic harm is not enough.' Instead, the party must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.") (citations omitted). Defendant's motion for a protective order allowing it to litigate anonymously is **DENIED**. Defendant is free to move for more tailored and specific limitations on discovery as litigation proceeds.

### IV. <u>CONCLUSION</u>

For the reasons foregoing, Defendant's motion is **DENIED** in its entirety.


　　　　　　　　　　　　　　　　　　　　/s/ William J. Martini

　　　　　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**

**March 20, 2017**

4